# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 5:21-cr-584-10 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| COREY SULLIVAN, ) | |
| ) | |
| DEFENDANT. ) | |

On July 20, 2023, defendant Corey Sullivan ("Sullivan" or "defendant") was sentenced to a custody term of 132 months, with credit for time served, following his guilty plea to Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d). (Doc. No. 487 (Judgment); *see* Minutes of Proceedings [non-document], 7/20/2023; Doc. No. 437 (Plea Agreement); *see also* Doc. No. 1 (Indictment).) Now before the Court is Sullivan's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 533 (Motion).) Appointed counsel filed a notice of intent not to supplement (Doc. No. 558 (Notice)), and plaintiff United States of America (the "government") filed an opposition to the motion. (Doc. No. 562 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*,

560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

Beyond citing §§ 3582(c)(2) and 3553(a), Sullivan does not identify the basis for his motion to reduce. The Court, nevertheless, believes that Sullivan is seeking relief under Amendment 821, Part A, to the Federal Sentencing Guidelines. Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e), limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

The government opposes the motion on the ground that Sullivan is not eligible for relief under Part A. (Doc. No. 562, at 1.) Specifically, the government argues that the application of Part A would have no effect on Sullivan's applicable advisory guideline range. (*Id.* at 3.) He was, therefore, not subject to a term of imprisonment based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission. The Court agrees with the government's position.

At the time of sentencing, the Court determined the adjusted offense level to be 31. (*See also* Doc. No. 463 (Final PSR), at 10 ¶ 46.) A three-level deduction was applied for acceptance of responsibility, making the total offense level 28. (*See also id.* at 10–11 ¶¶ 50–52.) Sullivan had prior convictions for robbery, felonious assault, aggravated burglary, resisting arrest, aggravated menacing, having a weapon while under a disability, improperly handling a weapon while in a vehicle and multiple convictions for drug abuse and obstructing official business, which

2

collectively scored 13 criminal history points. (*See also id.* at 11–18 ¶¶ 54, 58, 60–66, 68, 71.) Because Sullivan committed the instant offense while he was on probation, he received 2 additional "status points" under § 4A1.1(d). (*See also id.* at 18 ¶ 72.) With a total of 15 criminal history points, the guidelines dictated that Sullivan was a criminal history category VI. (*See also id.* at 18 ¶ 73.) The advisory guideline range at offense level 28, criminal history category VI, was 140 to 175 months. (*See also id.* at 24 ¶ 111.) The Court, nevertheless, accepted the terms of the parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement and varied downward, sentencing Sullivan to a term of imprisonment of 132 months. (Doc. No. 487; *see* Doc. No. 437, at 4 ¶ 12.)

A defendant who enters into a Rule 11(c)(1)(C) agreement is eligible for retroactive relief under § 3582(c)—so long as the guidelines range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 584 U.S. 675, 685, 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018). While Sullivan's Rule 11(c)(1)(C) agreement may not preclude consideration under § 3582(c), Sullivan is entitled to no relief because his applicable sentencing range has not "been lowered by the [Sentencing] Commission pursuant to 28 U.S.C. § 994(o)[.]" *See United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

Under Part A of Amendment 821, Sullivan's criminal history score is reduced by 1 to 14, which still corresponds to a criminal history category VI, and his advisory sentencing guideline range remains 140 to 175 months. Because his guideline range is undisturbed by the Amendment, he is ineligible for a reduction under Part A of Amendment 821.

Since the amended guidelines concerning status points would not have affected the calculation of Sullivan's sentence, he is, therefore, ineligible for a reduction based on Part A of

3

Amendment 821 concerning "status points." Further, because Sullivan is ineligible for a sentence reduction based on the Amendment, the Court does not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 533) is DENIED.

**IT IS SO ORDERED**.

Dated: March 5, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**